IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY RAMDEEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TRIHOP 69th STREET, LLC | : | |
| d/b/a IHOP | : | NO. 16-1361 |

OPINION

JACOB P. HART                                                    DATE:   2/14/2017
UNITED STATES MAGISTRATE JUDGE

I.     Introduction

     In this action, Ricky Ramdeen has sued Trihop 69th Street, LLC d/b/a IHOP ("Trihop 69th Street"), for his termination after two days of training as a host in its pancake restaurant, alleging discrimination, retaliation and a failure to accommodate, in violation of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and relevant state law.

     Discovery in this case closed on January 30, 2017.  Ramdeen has now filed a motion to compel certain discovery responses, to which Trihop 69th Street has responded.  For the reasons that follow, Ramdeen's motion will be granted as specified below.

II.     Relevant Law

     Within certain limits which are not implicated here, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  Fed. R. Civ. Pr. 26(b)(1).  Relevant information need not be admissible at trial, if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Id.  A party has a duty to supplement or correct its disclosure or response in a timely matter, or as ordered by the court. Fed. R. Civ. Pr. 26(e).  The party seeking discovery may move for an order compelling an answer or production, or where the response is incomplete.  Fed. R. Civ. Pr. 37(a)(3) and (4).

III.    <u>Discussion</u>

A.    <u>Document Request No. 20</u>

    A court or jury's willingness to award actual damages, punitive damages or liquidated damages is often impacted by the size of the employer (as are damage caps under certain laws).  Please provide documents reflecting the following information:

        (a)  All documents reflecting exactly how many employees worked for Defendant(s) during each of the last 3 calendar years on a part-time or full-time basis; and

        (b)  Payroll documentation reflecting all employees employed within the last 3 years for Defendant(s).

[If Defendant(s) has employed more than 500 employees for each of the last 3 calendar years, Defendant(s) need not provide any requested documents herein in Defendant(s) would prefer to provide a sworn affidavit to this effect in lieu of documentation from a high-level manage authorized to affirm such information (with details specifying such authorization)].

Trihop 69th Street concedes that Ramdeen is entitled to "the best estimate" of the number of employees "during the relevant time period."  It asks for an additional two weeks within which to supply "the best available information regarding the number of employees at this restaurant in August and September of 2015 and for the time since."  It has not, however, explained its basis for refusing to offer information for the full three years, as requested.  Nor has it explained why it has not provided this information before the close of discovery.

Because the material requested is clearly relevant, and because Trihop 69th Street has not made any argument as to why the scope of the request should be limited, Ramdeen's motion will be granted.  Within two weeks of the date of the accompanying Order, Trihop 69th Street shall provide the requested material regarding the full three years; any claim that such material (or some part of it) does not exist, or is unavailable, should be set forth in a written response.  In any event, the response shall be certified by the signature of an attorney, as required by Fed. R. Civ. Pr. 26(g)(1).

B.    Document Request No. 25

>   Please provide any and all documents evidencing, memorializing, relating to, or referring to the training of individuals in the same and similar positions to the position(s) Plaintiff held during his employment at the same location where Plaintiff worked within the last five (5) years, including but not limited to any related correspondence, notes, and tests.

Under the scope of this document request, Ramdeen seeks the written training material for the position of "host", arguing that is relevant in determining what Trihop 69th Street expected of Ramdeen during his training. Ramdeen concedes that training DVDs have been provided in discovery, but argues that deposition testimony indicates that written materials were also used in training. See Ed Scannapico Deposition Excerpts, attached to Ramdeen's motion as Exhibit G, at 28-30.

Trihop 69th Street represents that "there is no training list available," and that Request No. 25 has been responded to in full with the production of the training DVDs. Accordingly, within two weeks of the date of the accompanying Order, Trihop 69th Street shall provide a written, certified statement that the requested materials do not exist, or explaining why they are otherwise "not available." See Fed. R. Civ. Pr. 26(g)(1).

C.    Document Request No. 7

>   Please provide any and all documents not included in Plaintiff's personnel file(s) which support, evidence, relate, or otherwise pertain to Plaintiff's employment with Defendant(s), including, but not limited to :
>
>   . . .
>
>   >   (b) Documents relating to any leave requests, vacation usage, **attendance logs or calendars**, . . .

Ramdeen maintains that attendance logs or calendars are relevant to a determination as to how many hours he was expected to work, and which employees "were scheduled to work at the same time as him for training purposes." Ramdeen's Memorandum at 15.

3

Trihop 69th Street has not challenged the discoverability of such material, but claims that it has none in its possession, and cannot access the data base where it would be stored. Ramdeen has pointed out that it obtained in discovery a calendar for August 13-19, 2015, and that it was marked as "Generated: 8/12/2016", suggesting that such material can be accessed. Trihop 69th Street responds that this was a random calendar page attached to a letter in a different data base.

Trihop 69th Street's position is a little mysterious, because it would appear to acknowledge that the relevant material is presently stored in a data base. It is unclear why Trihop 69th Street could not access its own business materials. Trihop 69th Street is, therefore, directed to submit to Ramdeen, with two weeks of the date of the accompanying Order, a formal written discovery response which explains why any existent material could not be produced, bearing in mind that counsel's signature certifies that a reasonable inquiry has been undertaken. Fed. R. Civ. Pr. 26(g)(1).

D.    Document Request No. 21

Ramdeen's twenty-first Document Request essentially asks Trihop 69th Street to disclose its net worth. The financial worth of a defendant has been held to be discoverable where, in the event of a favorable result at trial, a jury will have to weigh the defendant's wealth in considering a claim for punitive damages. See Mutual Industries, Inc. v. American International Industries, Civ. A. No. 11-5007, 2013 WL 3716516 at *5 (E.D. Pa. July 15, 2013), citing Hayfield v. Home Depot U.S.A., Inc., 168 F. Supp.2d 436, 458 (E.D. Pa. 2001); Caruso v. Coleman Co., 157 F.R.D. 344, 348-9 (E.D. Pa. 1994); and Grosek v. Panther Transportation, Inc., 251 F.R.D. 162, 166 (M.D. Pa. 2008).

Trihop 69th Street argues that discovery as to its worth is premature, because Ramdeen is unlikely to win on the facts, and because he will have few damages if he does prevail. However, it has not come forward with evidence that these are relevant factors in deciding whether to allow financial discovery. It cites only Shelton v. City of Chester, 2015 WL 5460623 (E.D. Pa. Sep. 16, 2015), reconsideration denied, 2015 WL 5729268 (E.D. Pa. 2015).

In Shelton, the Honorable Gerald A. McHugh wrote: "A plaintiff must demonstrate a well-founded possibility that a defendant may be subject to punitive damages **as a matter of law** before discovery of that defendant's financial documents is appropriate." 2015 WL 5460623 at *1 (bold supplied). However, the phrase "as a matter of law" is key. Shelton, the plaintiff, sued a number of health care providers for medical malpractice, as well as their employer. Id. Under Pennsylvania's Medical Care Availability and Reduction of Error Act, 40 P.S. §1303 *et seq.*, it was not clear that punitive damages were available against the employer. Id. at *2. In this case, on the other hand there is no doubt that Trihop 69th Street, the sole defendant, is potentially liable for punitive damages under the ADA in the event of a verdict favorable to Ramdeen. Thus, Shelton is not on point.

At the same time, the undersigned recognizes Trihop 69th Street's desire to keep its financial information as private as possible, and notes that it intends to file a motion for summary judgment. For that reason, Trihop 69th Street will be ordered to provide the material sought in Ramdeen's Document Request No. 21 within ten days of the denial of Trihop 69th Street's motion for summary judgment, if such motion is denied. If Trihop 69th Street does not file a motion for summary judgment, its response to this Document Request is due on March 1, 2017, two weeks after the last date for filing a motion for summary judgment.

IV.     Conclusion

For the reasons set forth above, Ramdeen's Motion to Compel Discovery, docketed in this case as Document No. 27, shall be granted in an accompanying Order of this date.

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE