IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY RAMDEEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TRIHOP 69th STREET, LLC | : | |
| d/b/a IHOP | : | NO. 16-1361 |

O P I N I O N

JACOB P. HART                                                  DATE:   March 9, 2017
UNITED STATES MAGISTRATE JUDGE

I.     Introduction

        In this case, Ricky Ramdeen has sued Trihop 69th Street LLC d/b/a IHOP ("Trihop") under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1201, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951 *et seq*.  He alleges that Trihop failed to accommodate his disability; discriminated against him because of his disability (or perceived disability); and terminated him in retaliation for his requests for accommodations.  Trihop has now moved for summary judgment on all counts.  For the reasons set forth below, its motion will be denied.

II.    Factual and Procedural Background

        According to Ramdeen, he is disabled by a severe head injury he suffered in 2010, which continues to cause an impairment in the major life activities of processing information quickly and working.  Second Amended Complaint at ¶12.  He receives Social Security disability payments.  Ramdeen Deposition, attached to Response as Exhibit A, at 9.

        In August, 2015, he was hired by Trihop and asked to work as a restaurant host.  Id. at ¶15.  Ramdeen alleges that on the day he was hired, he explained to the interviewing manager, Rachid Anjaou, that he needed to limit his hours to 20 per week so that he did not endanger his

eligibility for Social Security.  <u>Id</u>. at 117.  Mr. Anajou agreed to that.  <u>Id</u>.  He began training on August 31, 2015, and received no negative comments on his work on that day.  <u>Id</u>. at 167.  However, on his second day of training, a different manager, Jazmin Rowe, called him to her office and asked him to work additional hours.  <u>Id</u>. at 125.

According to Ramdeen, he told Rowe that he received disability benefits and could not work more than 20 hours.  <u>Id</u>. at 137-8.  He testified at his deposition:  "She was like, Oh, my God.  I didn't know.  I would have approached you much more differently."  <u>Id</u>. at 138.

Ramdeen maintains that, after his conversation with Rowe, she came out of her office and told him he would have to improve his performance.  <u>Id</u>. at 138.  He then went into Rowe's office for a second time, and said:  "Jasmine [*sic*] ... due to my disability, I may take a little bit longer for things to register."  <u>Id</u>.

Ed Scannapieco, Trihop's Director of Operations, testified at his deposition that Ms. Rowe told him that, "in their initial conversation Ricky explained to Jazmine that he had some limitations .. that he may be a little slow in grasping it all."  Scannapieco Deposition, attached to Response at Exhibit I, at 64-5.  Ms. Rowe, however, testified at her deposition that Ramdeen never told her that he had a disability or that it took him longer to process information.  Deposition of Jazmin Rowe, attached to Motion for Summary Judgment as Exhibit C at 47-8.

Ramdeen alleges that, as he was traveling home from his second day of training, he received a phone call from Jeannette Chapman, of Trihop, terminating his employment.  Ramdeen Deposition at 127.  He filed charges with the Equal Employment Opportunity Commission on September 8, 2015.  <u>Id</u>. at 154-5.  He then filed this case after receiving a Right to Sue letter from that agency.  Second Amended Complaint at ¶5.

In its Motion for Summary Judgment, Trihop argues that Ramdeen has not shown that he was disabled, as defined in the ADA, or that Trihop regarded him as disabled. Trihop also argues that, even if Ramdeen is found to have shown disability, his claim for failure to accommodate must be dismissed because he has not shown that he requested accommodation. Further, Trihop argues that Ramdeen has not shown a prima facie case of retaliation, and that he has not shown a basis for seeking punitive damages.

III.   Legal Standards

A.   Summary Judgment Standard

Summary judgment is warranted where the pleadings and discovery, as well as any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pr. 56. The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In response, the non-moving party must adduce more than a mere scintilla of evidence in its favor, and cannot simply reassert factually unsupported allegations contained in its pleadings. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Celotex Corp. v. Catrett, supra at 325; Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989).

In deciding a motion for summary judgment, the court must determine the relevant set of facts and draw all inferences in favor of the nonmoving party to the extent supportable by the record. Scott v. Harris, 550 U.S. 372 (2007). Nevertheless, Rule 56 "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, supra, at 323.

B.     The ADA

Under the ADA, an employer is prohibited from discriminating against a qualified individual on the basis of his or her disability. 42 U.S.C. §12112(a). A claim under the ADA is evaluated under the three-step burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Walton v. Mental Health Association of Southeast Pennsylvania, 168 F.3d 661, 667-8.

Under McDonnell Douglas, a plaintiff first has the burden of establishing a prima facie case of discrimination. 411 U.S. at 802. If he is successful in this, the burden switches to the defendant to articulate a legitimate non-discriminatory reason for its employment action. Id. If the defendant is able to do this, the burden returns to the plaintiff, who must show that the employer's stated reason for the employment action was merely a pretext for intentional discrimination. 411 U.S. at 804.

To establish a prima facie case of discrimination, a plaintiff must show that he or she (1) is disabled within the meaning of the ADA, or was regarded by his or her employer as disabled; (2) is otherwise qualified for the job, with our without reasonable accommodations; and (3) was subjected to an adverse employment decision as a result of the discrimination. Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 185 (3d Cir. 2010); Estate of Murray v. UHS of Fairmount, Inc., Civ. A. No. 10-2561, 2011 WL 5449364 at *8 (E.D. Pa. Nov. 10, 2011).

IV.      Discussion

A.      Disability Within the Meaning of the ADA

1.      Disability

In its motion for summary judgment, Trihop argues that Ramdeen has not made out a prima facie case under the ADA because he has not shown that he is disabled. Disability, within the context of the ADA, means that a plaintiff is substantially limited in performing a major life activity. 42 U.S.C. §12102. To determine whether Ramdeen is disabled, this court must apply a three-part test. Rawdin v. American Board of Pediatrics, 985 F. Supp.2d 636, 648 (E.D. Pa. 2013). The first step is determining whether Ramdeen suffers from an impairment; the second step is determining whether this impairment impacts a major life activity; and the third step requires a determination as to whether his impairment substantially limits that activity. Id.

As Trihop has pointed out, Ramdeen has not produced any evidence that he receives Social Security disability benefits, much less a copy of his disability determination which would specify the impairment from which the agency found him to suffer. The medical evidence he has produced is scanty, and none of it was produced close in time to events which form the basis of this case.

Ramdeen has, however, provided a February 21, 2012, letter from a physician's assistant at Moss Rehab. Response at Exhibit B. This letter confirms that he sustained a traumatic brain injury in 2010, and describes him as suffering from "late effects of traumatic brain injury with diffuse axonal injury." Id. It also describes: "cognitive deficits in memory, attention, organizational skills, and problem solving, with limited carryover for compensatory strategies." Id. At the time this letter was written, Ramdeen was performing a work trial for 1-2 hours, three

days per week, stocking shelves at the Einstein Hospital cafeteria. Id. In the absence of any indication that Ramdeen's cognitive status later improved, this is enough to show an impairment.

As noted, Ramdeen has represented that he is impaired in – at least – the daily life activities of processing information quickly and working. Second Amended Complaint at ¶12. Thinking, concentrating and working are all specified in the ADA Amendments Act of 2008 ("ADAAA") as constituting major life activities. 42 U.S.C. § 12102(2)(A).

The question is then whether Ramdeen's impairments in thinking, concentrating and/or working are substantially limiting. This is a question of fact. Williams v. Philadelphia Housing Authority Police Department, 380 F.3d 751, 762 (3d Cir. 2004). Nevertheless, summary judgment may be granted where a plaintiff has not adduced sufficient evidence from which a factfinder could reasonably infer a substantial limitation. See Rocco v. Gordon Food Service, 998 F. Supp.2d 422, 426 (W.D. Pa. 2014).

After the passage of the ADAAA, the requirement that a plaintiff be "substantially limited" is not meant to be a demanding standard. Koller v. Riley Riper Hollin & Colagreco, 850 F. Supp.2d 502, 513 (E.D. Pa. 2012), citing 29 CFR §1630.2(j)(1)(ii). Nevertheless, not every impairment will meet this standard. Id.

In arguing that Ramdeen's disability is not substantially limiting, Trihop relies heavily upon Walker v. U.S. Secretary of the Air Force, 7 F. Supp.3d 438 (D.N.J. 2014), which – as here – concerned a plaintiff who alleged cognitive impairment caused by a traumatic brain injury. The District Court for the District of New Jersey found that Walker was not substantially limited in cognitive ability, despite his well-documented brain injury, and the fact that he had been found qualified for services through the state Division of Vocational Rehabilitation.

However, Walker was decided under the pre-ADAAA law, when the term "substantially limited" was "to be interpreted strictly to create a demanding standard for qualifying as disabled." Toyota Motor Manufacturing, Kentucky, Inc. v. Williams, 534 U.S. 184, 187 (2002). In passing the ADAAA, Congress explicitly rejected Toyota, and sought to promote a less restrictive interpretation of disability. Cohen v. CHLN, Inc., Civ. A. No. 10-514, 2011 WL 2713737 at *7 (E.D. Pa. July 13, 2011).

Trihop has pointed out that, after leaving Moss Rehab, Ramdeen was able to complete an eleven-month welding course and obtain certification as a welder. Ramdeen Deposition at 61-3. He also worked for a period of time as a HVAC technician's assistant. Id. at 47-9. Nevertheless, the HVAC job was with a business owned by his former wife's father. Id. Further, the duties he performed appear to have been very simple. Id. Thus, Ramdeen's employment history does not necessarily render unreasonable any conclusion that he was substantially limited. He has shown enough to let a factfinder consider this question.

2. Regarded As Disabled

Ramdeen has alleged that he was terminated from his employment because of his "known and/or *perceived* disabilities." Second Amended Complaint at ¶ 28. (Emphasis supplied). Being subjected to an unfavorable employment action by an employer who regarded the plaintiff as disabled is a basis for an ADA claim, even if the plaintiff does not meet the ADA standard for disability. Walker, supra, at 454, citing Buskirk v. Apollo Metals, 307 F.3d 160, 166 (3d Cir. 2009).

Again, Trihop relies heavily upon Walker, in which the court found that the plaintiff did not show that he was regarded as disabled, even though the term "disability" was used in numerous e-mails discussing the effect of his health condition upon his performance, because he

had not shown that he "was regarded as having a disability substantially limiting one or more major life activities."  7 F. Supp.3d at 455.

In this case, on the other hand, Ramdeen has alleged that he specifically told Rowe that he was substantially limited.  He testified at his deposition that he directly stated to Rowe:  "due to my disability, I may take a little bit longer for things to register."  Ramdeen Deposition at 138.  This evidence would clearly support an allegation that, even if Ramdeen was not disabled within the meaning of the ADA, he was regarded by Trihop as disabled.  Rowe has denied that this conversation ever took place.  Whether the conversation happened or not is, of course, an issue of fact precluding the entry of summary judgment.

B.   Accommodation

In his Second Amended Complaint, Ramdeen has stated:

> Plaintiff requested reasonable accommodations for his aforementioned health conditions, including but not limited to the ability to work only 20 hours per week (which was originally granted to him upon hire) and for Defendant's management to be patient with his ability to process information during training.

Second Amended Complaint at ¶ 27.  He averred on that basis that his employment was terminated in retaliation for his having requested accommodations, and/or because Trihop refused to accommodate his disability.  Id. at ¶ 28.

Trihop argues in its Motion for Summary Judgment that Ramdeen will not be able to show that he requested accommodations.  Indeed, Ramdeen testified clearly at his deposition that he did not request a 20-hour workweek because of his limitations, but because working more hours might endanger his eligibility for Social Security benefits.  Ramdeen Deposition at 117, 125.  It is by no means clear that this can constitute a request for accommodation under the ADA, since it is not related to a health condition.

However, Ramdeen has also alleged that he told Rowe that he needed more time "for things to register," because of his head injury. I recognize that Rowe has testified that this conversation never took place. Nevertheless, Ramdeen's allegations – if believed – would constitute a request for accommodation. In deciding a motion for summary judgment, I cannot credit Rowe's testimony over Ramdeen's. I also note that, as mentioned above, Rowe's testimony differs somewhat from that given by Scannapieco, relating to what she told him.

C.   Retaliation

The ADA prohibits an employer from retaliating against an employee for opposing practices prohibited by that statute. 42 U.S.C. §12203(a). As in employment law, a prima facie case of ADA retaliation is made by showing that (1) the plaintiff engaged in a protected activity; (2) the employer was aware of this activity; (3) the employer took adverse action against the plaintiff; and (4) a causal connection existed between the protected activity and the adverse action, or, in other words, that a retaliatory motive played a part in the adverse employment action. Krouse v. American Sterilizer Co., 126 F.3d 494, 502 (3d Cir. 1997). Unlike a plaintiff in an ADA discrimination case, a plaintiff in a retaliation case need not establish that he is actually disabled. Id. Ramdeen has alleged that Trihop retaliated against him for seeking an accommodation.

Trihop argues that Ramdeen will not be able to show a retaliatory motive. Retaliatory motive, or animus, can be shown by either direct or indirect evidence. See O'Brien v. Person Directed Supports, Inc., Civ. A. No. 09-2629, 2010 WL 3656066 at *5 (E.D. Pa. Sep. 14, 2010), and Burton v. MBNA America Bank, N.A., Civ. A. No. 03-915, 2005 WL 1463533 at *4 (D. Del. 2005), citing Kachmar v. Sungard Data Systems, Inc., 109 F.3d 173, 178-9 (3d Cir. 1997) and Robinson v. SEPTA, 982 F.2d 892 (3d Cir. 1993).

If Ramdeen's version of events is credited, he will be able to show that the criticism of his work began within minutes or hours after he requested an accommodation, and that he was terminated within the day. This would constitute the unusually suggestive timing which is a valid way to show indirect evidence of retaliatory motive. See Krouse, supra. Thus, summary judgment is inappropriate on this claim.

D.     Punitive Damages

Under the ADA, punitive damages are available when the plaintiff demonstrates that the defendant engaged in a discriminatory practice with "malice" or "reckless indifference." 42 U.S.C. §1981a(b)(1) (2000). "Malice" and "reckless indifference" in this context refer not to the egregiousness of the defendant's conduct but rather to its knowledge that it may be acting in violation of federal law. Alexander v. Riga, 208 F.3d 419,431 (3d Cir. 2000); Berkowitz v. Oppenheimer Precision Products, Inc., Civ. A. No. 13-4917, 2014 WL 5461515 at *9 (E.D. Pa. Oct. 28, 2014).

Trihop argues that, even if Ramdeen can prove that Rowe was aware of his disability, and of the anti-discrimination law, "there is not a shred of evidence that she perceived her actions could violate federal law." Memorandum in Support of Motion at 18. However, it also claims that Rowe "was familiar with the employee handbook [which proscribed discrimination] and was responsible for its implementation. Id. at 17. If that is the case, then a jury which found that Rowe was aware of Ramdeen's disability and fired him because of it, could conclude that she was aware that her actions might be wrongful. Thus, although it is far from clear that Ramdeen will be able to prove a right to punitive damages, the claim cannot be dismissed at this stage.

Trihop has pointed out, however, that punitive damages are not available in an ADA retaliation case. Greineder v. Masonic Homes, Civ. A. No. 13-2376, 2014 WL 1632143 at *4 (E.D. Pa. Apr. 23, 2014). Nor are they available under the PHRA. Hoy v. Angelone, 691 A.2d 476, 483 (Pa. Super. 1997). Ramdeen concedes that he will not seek punitive damages on claims brought under these laws.

V.	Conclusion

For the reasons set forth above, the undersigned will enter an Order denying the motion of Trihop 69th Street, d/b/a IHOP for summary judgment.

BY THE COURT

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE